IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KARLOS MARSHALL, | ) | |
| (BOP Registration No. 42105-177), | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-1916-K |
| | ) | (3:10-CR-158-K-(1)) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Movant Karlos Marshall, a federal prisoner, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence. *See* Dkt. No. 2. The Court **DENIES** the motion as meritless.

**Background**

A jury found Marshall guilty of being a felon in possession of a firearm. *See United States v. Marshall*, 3:10-cr-158-K (01), Dkt. No. 44. Because Marshall had two prior felony convictions for controlled substance offenses, and one prior violent felony conviction, he was sentenced under the Armed Career Criminal provisions of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 to 180 months in prison. *See United States v. Marshall*, 3:10-cr-158-K (01), Dkt. No. 59. His conviction and sentence were affirmed on direct appeal. *See United States v. Marshall*, 487 F. App'x 895 (5th Cir. 2012).

He now argues that his sentence must be overturned in the wake of *Johnson v.*

1

*United States*, 135 S. Ct. 2551 (2015) because his Texas conviction for aggravated assault, in violation of TEX. PENAL CODE § 22.01 § 22.02(a), is no longer a "violent felony" under the definition codified in 18 U.S.C. § 924(e)(2)(B). *See* Dkt No. 2 at 7.

## Law & Analysis

As the Supreme Court of the United States recounted in *Johnson*,

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," [Section 924] increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); *Curtis Johnson v. United States*, 559 U.S. 133, 136 (2010). The Act defines "violent felony" as follows:
>
>> "any crime punishable by imprisonment for a term exceeding one year . . . that –
>>
>> "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> "(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." § 924(e)(2)(B) (emphasis added).
>
> The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

135 S. Ct. at 2555-56 (citation modified).

In *Johnson*, the Supreme Court struck down the residual clause, holding "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id*. at 2563. But *Johnson* did "not call into question application of the Act to the four enumerated

2

offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563. So, after *Johnson*, "[a] violent felony is one of a number of enumerated offenses or a felony that 'has an element the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Moore*, ___ F. App'x ___, ___, 2017 WL 4804355, at *1 (5th Cir. 2017) (per curiam) (quoting 18 U.S.C. § 924(e)(2)(B)).

The United States Court of Appeals for the Fifth Circuit recently held that Texas aggravated assault is categorically a violent felony because it has as an element the use, attempted use, or threatened use of physical force against the person of another. *Moore*, 2017 WL 4804355, at *2-*3; *see also United States v. Shepherd*, 848 F.3d 425, 427 (5th Cir. 2017) (holding that a "Texas conviction for aggravated assault is a crime of violence" because it "has as element the threatened use of physical force against the person of another."). A conviction for aggravated assault under Texas law requires that a person commit "assault as defined in [Texas Penal Code] Section 22.01 and the person: (1) causes serious bodily injury to another, including the person's spouse; or (2) uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE § 22.02(a). Section 22.01 states that a person commits an assault by

> (1) intentionally, knowingly, or recklessly caus[ing] bodily injury to another, including the person's spouse; (2) intentionally or knowingly threaten[ing] another with imminent bodily injury, including the person's spouse; or (3) intentionally or knowingly caus[ing] physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

> TEX. PENAL CODE § 22.01.

Taking Texas aggravated assault "as a single offense"—without "separat[ing] the assault offense from the conduct which makes the assault aggravated"—the least culpable conduct requires only the use or display of a deadly weapon during an assault, "whether by injury, threat, or contact, as opposed to actually causing serious bodily injury in one of those ways." *Moore*, 2017 WL 4804355, at *3; *accord Landrian v. State*, 268 S.W.3d 532, 538 (Tex. Crim. App. 2008) (holding that a conviction for Texas aggravated assault necessarily "involves the use of a deadly weapon," which is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.") (internal quotation marks and citations omitted). Because a deadly weapon is an instrument of physical force that is necessarily capable of causing physical pain or injury to another, the use or display of a deadly weapon during an assault is a violent crime. As explained in *Moore*,

> Texas case law, read in conjunction with the Supreme Court's instruction on physical force, supports the conclusion that § 22.02 constitutes a violent felony. The Supreme Court has explained that, "in the context of a statutory definition of 'violent felony,' the phrase "physical force" means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (italics in original). The Texas Court of Criminal Appeals has noted of the Texas aggravated assault statute that both subsections necessarily "involve[ ] the use of a deadly weapon . . . which is anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Landrian v. State*, 268 S.W.3d 532, 538 (Tex. Crim. App. 2008) (internal quotation marks and citation omitted). Likewise, [the Fifth Circuit] noted that, "a deadly weapon, in that it is capable of producing death, is an instrument of physical force." *United States v. Velasco*, 465 F.3d 633, 641 (5th Cir. 2006) (U.S.S.G. § 2L1.2(b)(1)(A) case).

*Moore*, 2017 WL 4804355, at *3.

For these reasons, Marshall's prior conviction for Texas aggravated assault still qualifies as a "violent felony"—under the "use of force clause"—after *Johnson*. So there is no merit to his claim that he is entitled to relief in light of *Johnson*.

## Conclusion

For the foregoing reasons, the motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255 is **DENIED WITH PREJUDICE** as meritless.

**SO ORDERED.**

Signed December 5th, 2017.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE